430 A.2d 322

**COMMONWEALTH of Pennsylvania**

v.

**Mario Alan PASSARO, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed May 22, 1981.

Charles F. Gilchrest, Sharon, for appellant.

James P. Epstein, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

Appellant was charged, under one indictment, with burglary,[1] theft by unlawful taking,[2] theft by receiving stolen property,[3] and conspiracy.[4] He was charged on a second indictment with burglary and conspiracy. Pursuant to a plea bargain, he entered a plea of guilty to the burglary charge in the first indictment, and the court granted the Commonwealth's motion for nolle prosequi with regard to the other charges.

By petition under the Post-Conviction Hearing Act, appellant successfully challenged the guilty plea on the ground that the colloquy pursuant to which it was entered was defective. The court below permitted him to withdraw his plea. On the Commonwealth's motion, the lower court also removed the nolle prosequi previously granted and ordered appellant to stand trial on all of the original charges. Appellant challenges this order on federal and state double jeopardy grounds.

Having reviewed the record, we conclude that appellant's contention that the colloquy's defects were the result of overreaching or gross negligence on the part of the hearing court is without merit. The issue in this appeal is, therefore, substantially identical to those resolved against the respective defendants in *Commonwealth v. Ward*, 493 Pa. 115, 425 A.2d 401 (1981); *Commonwealth v. Tabb*, 491 Pa. 372, 421 A.2d 183 (1980); and *Commonwealth v. Klobuchir*, 486 Pa.

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3921.

3. 18 Pa.C.S. § 3925.

4. 18 Pa.C.S. § 903.

356

241, 405 A.2d 881 (1979), by which cases our decision here is controlled.

Order affirmed.